IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 13 2001


CLERK

SANDERS LAND & CATTLE COMPANY, and
CAROLYN SANDERS, DAVID SANDERS,
DAVE C. SANDERS and DON C. SANDERS,
individually,

    Plaintiffs,

v.                                            Civ. No. 00-1115 PJK/RLP

THE UNITED STATES DEPARTMENT
OF AGRICULTURE,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

1.     Plaintiffs seek judicial review of a decision of the Farm Service Agency (FSA) of the United States Department of Agriculture (USDA) which denied their application of enrollment in the 18th Conservation Reserve Program (CRP) for certain farm land located in Roosevelt County, New Mexico.

2.     The regulations at issue are 7 C.F.R. Parts 718 and 1410. Section 1410.2 contains the following definitions:

> *Operator* means a person who is in general control of the farming operation on the farm, as determined by [Commodity Credit Corporation]

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.



> *Owner* means a person or entity who is determined by [Farm Service Agency] to have sufficient legal ownership of the land, including a person who is buying the acreage under a purchase agreement; each spouse in a community property State; each spouse when spouses own property jointly and a person who has life-estate in a property.

§ 1410.2.

    3.    The regulations further provide:

> (a) In order to be eligible to enter into a CRP contract in accordance with this part, a person must be an owner, operator, or tenant of eligible land and:
>
> (1) If an operator of eligible land, seeking to participate without the owner, must have operated such land for at least 12 months prior to the close of the applicable signup period and must provide satisfactory evidence that such operator will be in control of such eligible land for the full term of the CRP contract period;
>
> (2) If an owner of eligible land, must have owned such land for at least 12 months prior to the close of the applicable signup period . . . .

§ 1410.5(a)(1)-(2).

    4.    After a hearing before the Farm Service Agency, the agency issued a determination adverse to Plaintiffs, who then appealed to the USDA National Appeals Division. The agency's determination was affirmed. Plaintiffs then sought judicial review pursuant to the Administrative Procedures Act (APA), 5 U.S.C. § 706.

    5.    Courts may only set aside an agency decision that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." § 706(2)(A). "The duty of a court reviewing agency action under the "arbitrary or capricious" standard is to ascertain whether the agency examined the relevant data and articulated a rational

connection between the facts found and the decision made." *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1574 (10th Cir. 1994).

> Because the arbitrary and capricious standard focuses on the rationality of an agency's decision making process rather than on the rationality of the actual decision, "[i]t is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself."

*Id.* at 1575 (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Ins. Co.*, 463 U.S. 29, 50 (1983)).

6. In this case, the agency found both that Sanders Land & Cattle Company is not the owner of the property; and that the property had not been operated for the 12 months prior to the December 11, 1998 deadline. The following facts giving rise to those findings are undisputed.

7. The enrollment form listed Don C. and Dave C. Sanders, the Sanders' children, as the owners of the farm. It listed Sanders Land & Cattle Company as the operator. In reality, the deed shows that David C. Sanders, Sr. and Carolyn S. Sanders (husband and wife) own the farm. The operators of the farm were Don C. and Dave C. Sanders, who began operating the farm in May, 1998, approximately 6 months before the December 11, 1998 deadline.

8. Sanders Land & Cattle Company did not meet the criteria of owner, as defined in 7 C.F.R. § 1410.2, and the operators did not meet the criteria of § 1410.5(a)(1). Based on the undisputed facts, these findings are neither arbitrary or capricious.

9. Plaintiffs do not address the fact that they did not operate the farm for 12 months prior to December 11, 1998. Instead, they focus on the fact that an agent of the

FSA completed the enrollment application for them. This argument is unavailing in light of 7 C.F.R. § 718.8. That provision provides relief when good faith performance of an agent is incorrect, but such relief is *not* available when the complaining party "knew or had sufficient reason to know" that the advice upon which they relied was incorrect. § 718.8(a)-(b). Surely, the Plaintiffs themselves would be in the best position to know the owners and operators of their own land.

## RECOMMENDED DISPOSITION

I recommend that the June 14, 2000 decision of the Director of USDA National Appeals Division be affirmed and this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge